UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

LORINDA MINCEY,

    Plaintiff,

  v.                              Civil No. 19-285 (NLH/JS)

JEFFERSON CAPITAL SYSTEMS,      **OPINION**
LLC,

    Defendant.

---

**APPEARANCES:**

YAAKOV SAKS
STEIN SAKS, PLLC
285 PASSAIC STREET
HACKENSACK, NJ 07601

    *Attorneys for Plaintiff Lorinda Mincey.*

AARON R. EASLEY
SESSIONS, FISHMAN, NATHAN & ISRAEL
3 CROSS CREEK DRIVE
FLEMINGTON, NJ 08822

    *Attorneys for Defendant Jefferson Capital Systems, LLC.*

**HILLMAN, District Judge**

    This matter comes before the Court on Defendant Jefferson Capital Systems, LLC's ("Defendant") Motion to Dismiss Plaintiff Lorinda Mincey's ("Plaintiff") Complaint (the "Motion to Dismiss"). (Docket No. 5). Plaintiff has filed opposition.

(Docket No. 8). For the reasons expressed below, Defendant's Motion to Dismiss will be granted.

## BACKGROUND

We take our recitation of the facts from Plaintiff's Complaint. Sometime before February 6, 2018, Plaintiff incurred a debt, as that term is defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Docket No. 1 ("Compl.") at ¶¶9-10, 12). On or about February 6, 2018, Defendant, a debt collector, sent Plaintiff a letter regarding that debt (the "February 6 Letter"). (Compl. ¶16; Docket No. 1-1). The February 6 Letter contains general information about the debt and also includes a notice advising the recipient about how to object to the validity of the debt, commonly termed a "validation notice" (the "Validation Notice"). The terms of the Validation Notice are at the center of this action, and provide as follows:

> **NOTICE**: Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any potion thereof, this office will assume this debt is valid.
>
> If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.
>
> If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original

2

creditor if different from the current creditor.
(Docket No. 1-1).

On January 9, 2019, Plaintiff filed a two-count Complaint alleging that Defendant's Validation Notice violates the FDCPA, 15 U.S.C. § 1692e ("Section 1692e"), because it makes a "false, deceptive, or misleading representation or means in connection with the collection of [the] debt[.]" (Compl. ¶¶32-34). More specifically, Plaintiff asserts that the Validation Notice provides unclear instructions on how Plaintiff must object to the validity of the debt. Plaintiff suggests that the Validation Notice could be read as permitting either written or non-written objections, and is therefore, "open to more than one reasonable interpretation, at least one of which is inaccurate." (Compl. ¶¶32-33). For the same reasons, Plaintiff alleges Defendant's Validation Notice violates 15 U.S.C. § 1692g ("Section 1692g") by omitting an instruction that any validation request or dispute of the debt must be made in writing. (Compl. ¶38).

On February 15, 2019, Defendant moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 5). Plaintiff opposed Defendant's motion. (Docket No. 8). As such, the present Motion to Dismiss is fully briefed and ripe for adjudication.

**DISCUSSION**

A.   **Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

B.   **Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.,

40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in

5

the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

**C. The Parties' Positions**

Defendant advances two main arguments in support of its Motion to Dismiss. First, Defendant argues that the Validation Notice fully complies with the requirements of Section 1692g because it provides adequate notice of how to challenge the debt. (Docket No. 5-1 ("Def. Br.") at 10). Moreover, Defendant argues that the notice does not create confusion regarding Plaintiff's ability to, and the process by which to dispute the underlying debt. (Def. Br. at 10). In support of those arguments, Defendant relies upon Borozan v. Financial Recovery Services, Inc., No. 17-11542, 2018 U.S. Dist. LEXIS 104691 (D.N.J. June 22, 2018) (Wolfson, C.J.); Rodriguez v. Northland Grp., LLC, No. 18-7692, 2018 U.S. Dist. LEXIS 209997 (D.N.J. Dec. 13, 2018) (Wolfson, C.J.); and numerous other cases from within this District deciding similarly-situated matters in a manor favorable to Defendant.

Alternatively, Defendant argues that if the Court finds the Validation Notice violates the FDCPA despite its offering of

notice consistent with the statutorily-required language, then Section 1692g is unconstitutional and must be struck down pursuant to the void for vagueness doctrine. (Def. Br. at 15-16).

Plaintiff opposes Defendant's motion and advances several arguments in support of her opposition. First, Plaintiff argues that the first sentence of the Validation Notice violates Section 1692g(a)(3) by failing to "clearly and effectively convey that she was required to dispute the debt in writing with Defendant[,]" which Plaintiff argues is required under the Third Circuit's decision in <u>Graziano v. Harrison</u>, 950 F.2d 107 (3d Cir. 1991). (Docket No. 8 ("Pl. Opp. Br.") at 2, 4-5). In further support of that argument, Plaintiff suggests that the use of the word "if" in the Validation Notice's statement "if you notify this office in writing" suggests that Plaintiff has the option to, but is not necessarily required to raise any objection in written form. (Pl. Opp. Br. at 2). Plaintiff relies on numerous decisions by our sister court in the Eastern District of Pennsylvania for support. (Pl. Opp. Br. at 6-9).

For the same reasons, Plaintiff also argues that the Validation Notice violates Section 1692e(10), which forbids the use of false or deceptive means to collect a debt, because it fails to properly advise Plaintiff of the requirement that any objection be made in writing. (Pl. Opp. Br. at 10).

Plaintiff retorts Defendant's reliance on Borozan, Rodriguez, and other similarly decided cases on the grounds that they are factually distinguishable. (Pl. Opp. Br. at 11-14). Plaintiff also rebuts Defendant's argument regarding the unconstitutionally of Section 1692g.

**D. Analysis**

1. The FDCPA

The purpose of the FDCPA is "to eliminate abusive, deceptive and unfair debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse." 15 U.S.C. § 1692(e). The FDCPA establishes a private cause of action against debt collectors who fail to comply with its provisions. Grubb v. Green Tree Servicing, LLC, No. 13-07421 (FLW), 2014 U.S. Dist. LEXIS 100886 (D.N.J. July 24, 2014). It is a remedial statute where the terms and language of the statute are interpreted broadly to effectuate the purpose of the statute. Brown v. Card Service Center, 464 F.3d 450, 453 (3d Cir. 2006). Moreover, the FDCPA is a strict liability statute. Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011) ("The FDCPA is a strict liability statute to the extent that it imposes liability without proof of an intentional

8

violation.").

A plaintiff bringing a FDCPA claim must establish: "(1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." Borozan, 2018 U.S. Dist. LEXIS 104691 at *7.

    a. Section 1962g

Section 1692g requires a debt collector to send consumers a written notice containing certain information within five days of any initial communication, unless the information is contained within the initial communication. 15 U.S.C. § 1692g. By statute, the debt collector must include:

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt

>     collector will provide the consumer with the name and
>     address of the original creditor, if different from
>     the current creditor.

15 U.S.C. § 1692g(a)(1)-(5).  The language in any communication providing this required information is known as the validation notice.  <u>Wilson v. Quadramed Corp.</u>, 225 F.3d 350, 353-54 (3d Cir. 2000).  The purpose of the validation notice is to inform debtors of their rights and obligations to their creditors.  <u>See Id.</u> at 354.

"[T]o comply with the requirements of Section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter — the required notice must also be conveyed effectively to the debtor."  <u>Borozan</u>, 2018 U.S. Dist. LEXIS 104691, at *12-13 (citing <u>Wilson</u>, 225 F.3d at 354); <u>Ulrich v. Radius Global Sols., LLC</u>, Civ. No. 18-15797, 2019 U.S. Dist. LEXIS 126783, *7-8 (D.N.J. July 29, 2019) (Shipp, J.).

A debt collector violates the FDCPA when a validation notice is "overshadowed" or "contradicted by other portions of the communication."  <u>Ulrich</u>, 2019 U.S. Dist. LEXIS 126783, at *7-8 (citing <u>Wilson</u>, 225 F.3d at 354).  A validation notice "is overshadowed or contradictory if it would make the least sophisticated [debtor] uncertain as to her rights."  <u>Wilson</u>, 225 F.3d at 354 (quoting <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30, 35 (2d Cir. 1996)).  Moreover, a collection letter "is deceptive

when it can be reasonably read to have two or more different meanings, one of which is inaccurate." Id. (quoting Russell, 74 F.3d at 35). Whether the language in a letter overshadows or contradicts the FDCPA validation notice is a question of law. Caprio v. Healthcare Revenue Recovery Group, LLC, 709 F.3d 142, 147 (3d Cir. 2013) (quoting Wilson, 225 F.3d at 353 n.2).

"[T]he least sophisticated consumer is charged with reading the entire document, and assumed to understand the plain language of a standard validation notice." Borozan, 2018 U.S. Dist. LEXIS 104691 at *19 (citing Hernandez v. Mercantile Adjustment Bureau, LLC, Civ. No. 13-843, 2013 U.S. Dist. LEXIS 166836 (D.N.J. Nov. 22, 2013)).

      b.    Whether the February 6 Letter Violates Section 1962g

The crux of Plaintiff's argument is that the Third Circuit's Graziano decision requires debt collectors to include language in the Section 1962g(a)(3) portion of a validation notice specifically informing the reader that any objection must be made in writing. Plaintiff's argument is premised on an overly broad reading of Graziano and an overly restrictive reading of the Validation Notice as a whole.

> i. Whether Graziano Requires the Portion of a Validation Notice Offered Pursuant To 15 U.S.C § 1962g(a)(3) to Include the Words "In Writing"

Graziano requires debtors disputing a debt under Section 1962g to do so in writing. Graziano, 950 F.2d at 112 ("[w]e therefore conclude that subsection (a)(3), like subsections (a)(4) and (a)(5), contemplates that any dispute, to be effective, must be in writing."). Plaintiff reads Graziano more broadly, suggesting that it compels inclusion of the term "in writing" or similar language to appear in a validation notice provision tracking (a)(3). A plain reading of Graziano contradicts Plaintiff's assertions.

As previously explained by Ulrich v. Radius Global Sols., LLC, 2019 U.S. Dist. LEXIS 126783, *8-9, 2019 WL 3430472 (D.N.J. July 29, 2019), Graziano did not require a validation notice to include the words "in writing" in its (a)(3) notice in order to comply with the statute. In fact, in reaching that conclusion, the Ulrich court cites a case Plaintiff asks us to rely on: Henry v. Radius Global Sols., LLC, 357 F. Supp. 3d 446, 450 (E.D. Pa. 2019). See id. The Henry court concluded that the "court in Graziano did not hold, as [the plaintiff] suggests, [that] to comply with Section 1692g(a)(3) a debt collector must include the words 'in writing.' The court simply held a debtor must dispute the debt in writing under Section 1692g(a)(3)." Henry, 357 F. Supp. 3d at 453. This Court agrees.

As colleagues of the undersigned have previously held, and as this Court now holds, the remaining portions of a validation notice provided pursuant to Section 1962g – specifically those portions of the notice tracking the language of Sections 1962g(a)(4) and (a)(5) – more than adequately convey to the recipient that any objection must be made in writing. This Court reads the notice provisions ascribed by Section 1692g(a)(3) as providing the instruction of what to do, and Sections 1692g(a)(4) and (a)(5) as explaining how to do it. The least sophisticated debtor is bound to read collection notices in their entirety and "would understand that that notification mentioned in the second sentence refers to the notification mentioned in the first sentence." Hernandez, 2013 U.S. Dist. LEXIS 166836, at *8 (citing Caprio, 709 F.3d at 142). While Plaintiff attempts to isolate portions of the Validation Notice to prove the alleged FDCPA violation, such attempts ignore this Court's requirement to view the Validation Notice as a whole. See id. Viewed in its entirety, the Validation Notice is clear in its direction: should a debtor wish to object to the validity of a debt, it must do so within thirty (30) days, in writing.

Decisions from within this District support this Court's conclusion. For example, in Borozan, the plaintiff alleged that the defendant violated the FDCPA because the portion of a validation notice offered pursuant to Section 1692g(a)(3) did

13

not explicitly state "that he [or she] 'must' dispute the debt in writing." 2018 U.S. Dist. LEXIS 104691, at *18. The Borozan court rejected this argument and explained that the (a)(3) portion of the validation notice "informs the consumer [of] the consequences if he or she fails to dispute the debt." Id. at *19. Turning to the (a)(4) and (a)(5) portions of the validation notice, the Borozan court found that those instructions provide guidance "on how to dispute the debt and the effect of disputing a debt." Id. The Borozan court concluded that a letter containing (a)(3), (a)(4), and (a)(5) notices in "language that closely tracks the statutory language provided in [Section] 1692g(a)" was not confusing and did not suggest "alternative ways to dispute the debt that would contradict the validation notice." Id. at *19-20. As such, this Court rejects Plaintiff's argument.

   ii. <u>Whether the Word "If" Renders the Validation Notice Confusing or Otherwise Violative of the FDCPA</u>

Plaintiff suggests that the use of the word "if" in the Violation Notice's statement "if you notify this office in writing" suggests that Plaintiff has the option to, but is not necessarily required to respond in written from. (Pl. Opp. Br. at 2).

As explained, supra, the first sentence of the Validation Notice informs Plaintiff what will occur if she does not take an

14

action: "Unless you notify this office" the office "will assume the debt is valid." (Docket No. 1-1). The following sentences instruct Plaintiff how to provide notice and further explain what will occur after notice is provided: "If you notify this office in writing" that the debt is disputed, then the debt collector will (1) "obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification" and (2) "will provide you with the name and address of the original creditor if different from the current creditor." Id. In other words, sentence one uses the word "unless" to inform the reader that it must take some action to dispute the validity of the debt. (Docket No. 1-1). The next two sentences provide the method by which to do so: "notify this office in writing[.]" (Docket No. 1-1). Here, the least sophisticated consumer would understand the word "if", when the notice is read as a whole, to simply convey the possibility the debtor will not contest the debt at all and what procedure to follow "if" they do. Because the Validation Notice adequately provides the notice required by statute,[1] and is not misleading, this Court rejects Plaintiff's arguments.

---

[1] See Rodriguez, 2018 U.S. Dist. LEXIS 209997, *14 ("[a]s a matter of fairness, [d]efendant[s] should not be subjected to statutory liability . . . when [they presumably] reasonably relied on the very statute to craft the notice at issue.").

15

When confronted with a validation notice similar to the one at issue in this matter, and facing similar arguments regarding Section 1692g, Chief Judge Wolfson similarly concluded that the use of the word "if" would not confuse the consumer about how to dispute the debt. Rodriguez, 2018 U.S. Dist. LEXIS 209997, at *12-14. This Court concurs.[2]

---

[2] The Court acknowledges, as Plaintiff argues, that other courts within this Circuit have previously issued rulings inconsistent with the decision now issued by this Court. See, e.g., Henry, 357 F. Supp. 3d at 450; Durnell v. Stoneleigh Recovery Assocs., LLC, No. 18-2335, 2019 U.S. Dist. LEXIS 2270 (E.D. Pa. Jan. 7, 2019).

On the other hand, as Chief Judge Wolfson previously summarized, numerous courts within this Circuit have reached the same conclusion this Court reaches here. See, e.g., Hernandez v. Mercantile Adjustment Bureau, LLC, No. 13-843, 2013 U.S. Dist. LEXIS 166836 (D.N.J. Nov. 22, 2013); Hillman v. NCO Fin. Sys., Inc., No. 13-2128, 2013 U.S. Dist. LEXIS 137221 (E.D. Pa. Sep. 25, 2013); Max v. Gordon & Weinberg P.C., No. 15-2202, 2016 U.S. Dist. LEXIS 14703 (D.N.J. Feb. 8, 2016); Riccio v. Sentry Credit, Inc., No. 17-1773, 2018 U.S. Dist. LEXIS 15661 (D.N.J. Jan. 31, 2018); Ferrulli v. BCA Fin. Servs., No. 17-13177, 2018 U.S. Dist. LEXIS 168631 (D.N.J. Sep. 28, 2018); Velez v. Cont'l Serv. Grp., No. 17-2372, 2018 U.S. Dist. LEXIS 57282 (M.D. Pa. Apr. 4, 2018); Parker v. CMRE Fin. Servs., Inc., No. 07-1302, 2007 U.S. Dist. LEXIS 82272 (S.D. Cal. Nov. 5, 2007); Sebrow v. NCO Fin. Sys., Inc., No. 08-1725, 2009 U.S. Dist. LEXIS 76582 (E.D.N.Y. Aug. 27, 2009); Borucki v. Vision Fin. Corp., No. 13-386, 2013 U.S. Dist. LEXIS 80419 (E.D. Wis. June 7, 2013); Moore v. Ingram & Assoc., Inc., 805 F. Supp. 7, 8-9 (D.S.C. 1992); Aronson v. Commercial Fin. Servs., No. 96-2113, 1997 U.S. Dist. LEXIS 23534 (W.D. Pa. Dec. 22, 1997).

The Court finds that the cases cited by Chief Judge Wolfson capture the more appropriate interpretation of the statute.

c. Whether the Validation Notice Violates Section 15 U.S.C § 1692e

Plaintiff's Section 1692e claim tracks her Section 1692g claim in its entirety. Plaintiff argues that the Validation Notice is deceptive because it can reasonably be read to have more than one meaning, at least one of which is inaccurate. Specifically, Plaintiff suggests that the least sophisticated consumer can read the Validation Notice to mean that a debtor may dispute the alleged debt through both written and non-written methods.

Under Section 1692e, "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C § 1692e. "The scope of Section 1692e(10) is particularly broad and encompasses virtually every FDCPA violation, including those not covered by the other subsections." Reed v. Pinnacle Credit Servs., LLC, No. 09-544, 2009 U.S. Dist. LEXIS 70566, at *10-11 (E.D. Pa. Aug. 11, 2009) (citing Fed. Fair Lending & Cred. Prac. Man. § 14.09). However, "[w]hen allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive." Caprio, 709 F.3d at 155.

The Court finds the conclusions it reached above in conducting the Section 1692g analysis to be dipositive as to

17

Plaintiff's Section 1692e claim.  The Court has already
concluded that the Validation Notice is clear, compliant with
the FDCPA, and not confusing.  For those same reasons, the Court
concludes that Plaintiff fails to state a claim under Section
1692e.

## 2. Defendant's Void for Vagueness Argument

While the Court has already determined that Plaintiff fails
to state a claim upon which relief can be granted, the Court
writes briefly to discuss Defendant's void for vagueness
argument.  While Defendant challenges Section 1692g as
unconstitutional, Defendant failed to comply with Rule 5.1 of
the Federal Rules of Civil Procedure, which, among other things,
requires "[a] party that files a . . . written motion, or other
paper drawing into question the constitutionality of a federal
or state statute [to] promptly: . . . (2) serve the notice and
paper on the Attorney General of the United States" by either
"certified or registered mail or by sending it to an electronic
address designated by the attorney general for this purpose."

Plaintiff has not presented proof of compliance with Rule
5.1.  Plaintiff's proof of service does not reflect service upon
the Government, and the Court has no information suggesting that
such service was made.  As the service requirements of Rule 5.1
imply, challenging the constitutionality of a statute is a
significant act.  Plaintiff's failure to comply with the most

basic of requirements – serving its papers upon the Government – deprives the Government of an opportunity to appear before the Court and defend its laws.  In light of Plaintiff's non-compliance with Rule 5.1, this Court declines to entertain Plaintiff's constitutional challenge.

## CONCLUSION

For the reasons set forth in this Opinion, Defendant's Motion to Dismiss will be granted.  Because Plaintiff did not seek leave to amend her complaint, the Clerk is ordered to mark this matter closed.

An appropriate Order will be entered.


Date:  September 26, 2019          s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.